CHARLES ALBRO *vs.* ISAAC MERRITT.

A. sold to B. a lot of land, and gave him an assignment of all A.'s rights of action on account of trespasses upon it, and a power of attorney to bring action in A.'s name. B. sold the land to C., and transferred to C. the rights of action so assigned, and substituted C. under the power of attorney. C. afterwards procured from A. a similar assignment and power directly to himself, and promised to indemnify A. for any costs to which A. might become subject by C.'s acts under this second instrument. In an action by A. against C. on this promise, *Held*, that the second power was valid; and that the labor and trouble of A. in giving it, and the advantage it conferred on C. of establishing his authority to prosecute without need of proving the execution of A.'s power to B. and B.'s substitution of C. under it, were, both or either, a good consideration for C.'s promise of indemnity.

CONTRACT, with a count in tort annexed. The declaration alleged that the defendant, in consideration that the plaintiff would give him an assignment of all the plaintiff's rights of action on account of trespasses on a certain piece of land conveyed by the plaintiff to one William Morse and by him to the defendant, and a power of attorney to bring suit thereon in the plaintiff's name, agreed to indemnify the plaintiff for any costs, damage or expense to which he might become subject by reason of the acts of the defendant under such assignment and power; and that the defendant had, under the same, commenced an action in the plaintiff's name against one Calvin Marshall in the superior court for Bristol, in which, at September term 1864, Marshall recovered judgment for costs, for which execution issued against the plaintiff, and which the plaintiff was compelled to pay; and that, after such payment, the defendant refused, on demand, to indemnify the plaintiff for the amount thereof. The count in tort alleged that the action against Mar-

shall was commenced by the defendant in the plaintiff's name without authority, whereby the plaintiff had suffered the injury alleged in the count in contract.

The answer alleged that, prior to the making and delivery of the assignment and power of attorney set forth in the declaration, the plaintiff, in consideration of the purchase of the land by Morse, had made and delivered to Morse a similar power and assignment, irrevocable by its terms, and Morse had substituted the defendant under it; that it was under and by virtue of this prior assignment and power and substitution that he did the acts alleged in the declaration; and that, as regards the subsequent assignment and power, it was null and void, and the defendant's promise to indemnify was without consideration.

At the trial in the superior court, before *Wilkinson*, J., it appeared that the defendant, after being substituted by Morse under the prior power, procured the second instrument to be drawn and took it to the plaintiff, who signed it at his request; and that soon afterwards, and without any notice to the plaintiff, the defendant brought the action against Marshall in the plaintiff's name.

The defendant, contending that he began the action against Marshall under the prior assignment and power set forth in his answer, asked the judge to rule that that power was coupled with an interest and was irrevocable by the plaintiff; that the subsequent assignment and power conferred no authority or right upon the defendant, and had no other effect than to ratify the prior power; and that the defendant was not liable in any form of action ; which rulings the judge declined to give.

The judge instructed the jury to answer the question, whether the defendant began the action against Marshall under the assignment and power alleged in the declaration. The jury answering that he did, the judge directed a verdict for the plaintiff ; and the defendant alleged exceptions.

*H. J. Fuller,* for the defendant.

*E. H. Bennett,* for the plaintiff.

CHAPMAN, J. The jury having found that the defendant prosecuted his action against Marshall under the power of attorney

made by the plaintiff directly to him, the plaintiff is entitled to recover, unless that instrument is to be treated as a nullity. The defendant contends that it should be so treated, because the plaintiff had already given to Morse a power of attorney irrevocable, authorizing him to prosecute the action, and this power contained a power of substitution, and had been assigned to the defendant. Passing by the question, whether the defendant would not have been equally liable if he had prosecuted his action under that assignment, it is clear that the power given to him is not a nullity. The labor and trouble of the plaintiff in giving it is a sufficient consideration for the defendant's promise of indemnity. Another equally good consideration is the advantage it gave the defendant of establishing his authority to prosecute the action without proving the execution of the plaintiff's power to Morse, or the assignment of that power to him. See *Kerr* v. *Lucas*, 1 Allen, 279, and authorities there cited. It was a valid power, and the defendant made use of it, and ought to indemnify the plaintiff according to his promise.

*Exceptions overruled.*